FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 01, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICKOLIS G., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 1:18-CV-3066-JTR <br><br> ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 15. Attorney D. James Tree represents Nickolis G. (Plaintiff); Special Assistant United States Attorney Justin L. Martin represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, IN PART,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on March 17, 2014, Tr. 163, alleging disability since January 23, 2013 (the date Plaintiff turned

18), due to grand mal seizures, silent seizures, and anxiety, Tr. 178. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Virginia M. Robinson held a hearing on May 5, 2016, Tr. 37-75, and issued an unfavorable decision on December 22, 2016, Tr. 18-30. The Appeals Council denied Plaintiff's request for review on February 22, 2018. Tr. 1-5. The ALJ's December 2016 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on April 26, 2018. ECF No. 1, 4.

## STATEMENT OF FACTS

Plaintiff was born on January 23, 1995, and was 18 years old on the alleged onset date, January 23, 2013. Tr. 163. Plaintiff completed school through the 10th grade and earned a GED in 2011. Tr. 42, 47, 179. Plaintiff testified at the administrative hearing held on May 5, 2016, that he was working part-time (about five hours a day, one or two days a week) as a security guard at sporting events and concerts. Tr. 43. He stated he believed he was "more than capable" of working a similar job full-time. Tr. 46-47. However, Plaintiff later testified he has not attempted to find full-time work because he was concerned he would have a seizure on the job. Tr. 55. Plaintiff's disability report indicates he stopped working on January 30, 2013, because of his conditions. Tr. 178.

Plaintiff described his main issue as experiencing silent seizures (explained as seizures which are not accompanied by convulsions) and grand mal seizures. Tr. 48-49. Plaintiff sustained a skull fracture in 2009. Tr. 59. He testified he started having silent seizures immediately after the skull fracture and then began having grand mal seizures when he was about 18. Tr. 59-60. He stated the seizures would occasionally result in lip smacking, vomiting, excessive salivation, and hot flashes. Tr. 48. Plaintiff testified he had the big, convulsive seizures at a rate of about once a month. Tr. 51. He indicated he would generally have a bunch

of the smaller, silent seizures over a consecutive four-day period in a month. Tr. 51-53. Plaintiff explained that after he experienced a big seizure, he would not able to get out of bed for a 24-hour period and there would be "no chance" he would be able to work that day. Tr. 54-55. Plaintiff stated he has gone to the hospital after every grand mal seizure.[1] Tr. 60. He indicated that if he experienced episodes of the smaller seizures, he would have to call in sick to work because he would then have flu-like flu symptoms accompanied by hot flashes and excessive salivation. Tr. 56.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either

---

[1]Plaintiff's Mother, Heidi Gray, later testified Plaintiff will occasionally go to the emergency room following a big seizure, but would not go every time. Tr. 65.

disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs which the claimant can perform exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On December 22, 2016, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 17, 2014, the disability application date. Tr. 20.

At step two, the ALJ determined Plaintiff had the severe impairment of epilepsy (major or minor motor seizures). Tr. 20.

///

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 21.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform a full range of work at all exertional levels but with the following non-exertional limitations: he could do no climbing of ramps, stairs, ladders, ropes or scaffolds; he should avoid concentrated exposure to extreme cold, extreme heat, excessive vibration, pulmonary irritants such as fumes, odors, dust, and gases; and he should not work with dangerous machinery or at unprotected heights. Tr. 22-23.

At step four, the ALJ found Plaintiff had no past relevant work. Tr. 28.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of cashier II, production assembler, and storage facility rental clerk. Tr. 29.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from March 17, 2014, the date the disability application was filed, through the date of the ALJ's decision, December 22, 2016. Tr. 30.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred (1) by failing to properly assess whether Plaintiff met or equaled a Listing; (2) when assessing Dr. David's medical opinions; and (3) when she gave less than full credit to Plaintiff's testimony without providing specific, clear and convincing reasons to do so. ECF No. 14 at 1.

# DISCUSSION[2]

## A. Step Three

Plaintiff argues the ALJ erred by failing to properly assess whether he met or equaled a Listing. ECF No. 14 at 4-10. Defendant responded that Plaintiff failed to establish that he meets the Listing criteria. ECF No. 15 at 5.

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 416.920(d).

The burden of proof is on the claimant to establish he meets or equals any of the impairments in the Listings. *See Tackett*, 180 F.3d at 1098. "A generalized assertion of functional problems," however, "is not enough to establish disability at step three." *Id*. at 1100 (citing 20 C.F.R. § 404.1526). A mental or physical impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508. It must be established by medical evidence "consisting of signs, symptoms, and laboratory findings." *Id*.; *see also*

---

[2]In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent *Lucia* applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

Social Security Ruling (SSR) 96-8p, 1996 WL 374184 *2 (a step three determination must be made based on medical factors). An impairment meets a listed impairment "only when it manifests the specific findings described in the set of medical criteria for that listed impairment." SSR 83-19, 1983 WL 31248 *2. The ALJ "is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).

Defendant asserts Plaintiff did not allege his seizure disorder met a Listing impairment. ECF No. 15 at 5. However, Plaintiff specified at the administrative hearing that his disability was caused by silent and grand mal seizures. Tr. 48-49.

Applying previous versions of Listings 11.02 and 11.03, the ALJ determined "claimant's seizure disorder" did not meet the requirements of these Listings because there was no showing of convulsive epileptic frequency at more than once a month in spite of at least 3 months of prescribed treatment (former Listing 11.02) and because there was no showing of non-convulsive epileptic frequency at more than once weekly in spite of at least 3 months of prescribed treatment (former Listing 11.03). Tr. 21. However, on July 1, 2016, Social Security issued the Revised Medical Criteria for Evaluating Neurological Disorders, and Listing 11.03 was removed and reserved and Listing 11.02 was expanded as follows:

> 11.02 Epilepsy, documented by a detailed description of a typical seizure and characterized by A, B, C, or D:
>
> A. Generalized tonic-clonic seizures (see 11.00H1a), occurring at least once a month for at least 3 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C); or
>
> B. Dyscognitive seizures (see 11.00H1b), occurring at least once a week for at least 3 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C); or

C. Generalized tonic-clonic seizures (see 11.00H1a), occurring at least once every 2 months for at least 4 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C); and a marked limitation in one of the following:

1. Physical functioning (see 11.00G3a); or

2. Understanding, remembering, or applying information (see 11.00G3b(i)); or

3. Interacting with others (see 11.00G3b(ii)); or

4. Concentrating, persisting, or maintaining pace (see 11.00G3b(iii)); or

5. Adapting or managing oneself (see 11.00G3b(iv)); or

D. Dyscognitive seizures (see 11.00H1b), occurring at least once every 2 weeks for at least 3 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C); and a marked limitation in one of the following:

1. Physical functioning (see 11.00G3a); or

2. Understanding, remembering, or applying information (see 11.00G3b(i)); or

3. Interacting with others (see 11.00G3b(ii)); or

4. Concentrating, persisting, or maintaining pace (see 11.00G3b(iii)); or

5. Adapting or managing oneself (see 11.00G3b(iv)).

*See* Revised Medical Criteria for Evaluating Neurological Disorders, 81 Fed. Reg. 43048 (July 1, 2016), available at 2016 WL 3551949. The new listings took effect on **September 29, 2016**. *Id*. Because Plaintiff's case was decided after that date

///

(December 22, 2016), the ALJ erred by failing to apply the new version of Listing 11.02, which was in effect at the time of the ALJ's decision.

Moreover, the ALJ devoted a mere two sentences to the former seizure disorder Listings. Tr. 21. This conclusory analysis is inadequate. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001) (concluding a boilerplate finding that a claimant's impairment fails to meet or equal a Listing "is insufficient to support a conclusion that a claimant's impairment does not do so.")

Based on the foregoing, the Court finds the matter must be remanded for the ALJ to properly analyze whether Plaintiff met or equaled the new, applicable Listing 11.02, not the outdated Listings 11.02 and 11.03.

**B.     Medical Opinion Evidence**

Plaintiff argues the ALJ also erred by failing to properly consider the medical opinion evidence of record. ECF No. 14 at 10-16. Plaintiff specifically asserts the ALJ erred by according less than full weight to the opinions of treating physician Ryan David, D.O. *Id*. Defendant responds that the ALJ reasonably evaluated the treating source opinion of Dr. David. ECF No. 15 at 10.

Dr. David completed a "medical report" on May 9, 2016. Tr. 580-581. This report documents Dr. David's opinion that Plaintiff met or functionally equaled former Listing 11.02 and former Listing 11.03 based on Plaintiff's generalized seizure disorder. *Id*. Dr. David additionally opined Plaintiff would need to lie down during the day for variable amounts of time when recovering from seizures, Tr. 577, and would be absent four or more days of work per month due to seizure activity and recovery, Tr. 578.

When discussing Dr. David's opinions, the ALJ accorded "some weight to Dr. David's overall treating-source opinions with respect to the assessed nature of the seizure disorder," but gave "less weight to the portion of his opinion that the claimant would miss '4 or more days per month' because of [the seizure disorder]." Tr. 27.

The ALJ failed to specifically address Dr. David's opinion that Plaintiff met or functionally equaled the former Listings and that Plaintiff would need to lie down during the day for variable amounts of time when recovering from seizures. The Court thus finds the ALJ erred by failing to adequately address treating physician David's opinion, *see Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (if the ALJ fails to specify his rationale, a reviewing court will be unable to review those reasons meaningfully without improperly "substitut[ing] our conclusions for the ALJ's, or speculat[ing] as to the grounds for the ALJ's conclusions."), and a remand is required for reconsideration of Dr. David's report. Accordingly, Plaintiff's RFC shall be redetermined, on remand, taking into consideration all opinions of Dr. David, in addition to the other medical evidence of record and any additional or supplemental evidence relevant to Plaintiff's claim for disability benefits.

## C. Plaintiff's Subjective Complaints

Plaintiff also contends the ALJ erred by improperly rejecting his subjective complaints. ECF No. 14 at 16-20. Defendant argues the ALJ gave clear and convincing reasons for discounting Plaintiff's symptom testimony. ECF No. 15 at 16.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the

claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical and other evidence of record. Tr. 23. The ALJ listed the following reasons for finding Plaintiff's subjective complaints not persuasive in this case: (1) the objective medical evidence did not support the level of impairment claimed; (2) Plaintiff's self-reported activities of daily living were inconsistent with his allegations of functional limitations; (3) the record reflected Plaintiff's tendency to overstate the severity of his condition; (4) there were notable gaps in Plaintiff's treatment history; (5) there were inconsistent statements in the records, in testimony and between Plaintiff and his mother; and (6) there was evidence Plaintiff's medications had been helpful in treating his symptoms. Tr. 23-27.

While some of the reasons provided by the ALJ for discounting Plaintiff's testimony may be supported by the evidence of record, this matter must be remanded for additional proceedings to remedy the above noted defects. *See supra*. Accordingly, on remand, the ALJ shall also reconsider Plaintiff's statements and testimony and reassess what statements, if any, are not credible and, if deemed not credible, what specific evidence undermines those statements. On remand, the ALJ shall distinguish the statements made by Plaintiff and his mother and address each separately. The ALJ must evaluate the subjective statements and testimony of Plaintiff, an adult claimant; the lay witness statements of Plaintiff's mother must be separately assessed under a different standard.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional

evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's step three determination in this case is not supported by substantial evidence and must be reevaluated. On remand, the ALJ shall additionally reassess the opinions of Dr. David and reevaluate Plaintiff's subjective complaints. The ALJ shall thereafter formulate a new RFC determination, obtain supplemental testimony from a vocational expert, if necessary, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED April 1, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE